USCA1 Opinion

 

 December 29, 1994 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ Nos. 94-1410 94-1441 IN RE: TWO APPEALS ARISING OUT OF THE SAN JUAN DUPONT PLAZA HOTEL FIRE LITIGATION. _________________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ _________________________ Judith Resnik, with whom Dennis E. Curtis, Richard A. ______________ _________________ ___________ Bieder, and Koskoff, Koskoff & Bieder, P.C. were on brief, for ______ ________________________________ appellants Bieder, et al. Jose E. Fernandez-Sein on brief for appellant Nachman. ______________________ Steven C. Lausell, with whom Jimenez, Graffam & Lausell were _________________ __________________________ on brief, for appellee Jimenez, Graffam & Lausell. Will Kemp, with whom Stanley Chesley, Wendell Gauthier, John _________ _______________ ________________ ____ Cummings, David Indiano and Harrison, Kemp & Jones, Chtd. were on ________ _____________ _____________________________ brief, for remaining appellees. _________________________ _________________________ Per Curiam. These two appeals were consolidated for Per Curiam. __________ oral argument with a number of other appeals. ("the Fee Appeals"). Unlike the Fee Appeals, which are concerned primarily (albeit not exclusively) with a global, end-of-litigation award of attorneys' fees, these two appeals involve only an order in respect to costs.1 Moreover, the order appealed from resolves only one isolated component of the dispute over costs in this massive litigation. In other orders anent costs, e.g., Order No. ____ 478; Order No. 510-A, the district court has limned its preferred approach for resolving certain other aspects of the overall inquiry into costs. However, most of the issues relating to costs remain pending, unresolved, in the court below. While we have appellate jurisdiction over the global fee award, see In re Nineteen Appeals, 982 F.2d 603, 608-10 (1st ___ ______________________ Cir. 1992), there is as yet no global costs award. In the ordinary course, the court of appeals may hear appeals only from final orders, see 28 U.S.C. 1291, and the orders entered to ___ date in respect to costs are not sufficiently final to qualify under that rubric. To be sure, there are exceptions to the finality principle but none are applicable here. In particular, we reject appellant's suggestion that the "common fund" exception, see In re Nineteen Appeals, 982 F.2d at 609, pertains. We think ___ _______________________ that the exception, when other requirements are satisfied,  ____________________ 1The two appeals in question are both appeals from Order No. 520 (involving the so-called "Foulds' expense"). Neither notice of appeal raises any other issues. 2 applies to global awards, not to piecemeal interim orders. If every link in the chain could be appealed separately, chaos would result. We need go no further. We dismiss these two appeals, without prejudice, for want of appellate jurisdiction.2 The issues raised therein may be raised anew in appeals taken from the district court's final (global) order in respect to costs when such an order is entered. Appeals dismissed. Appeals dismissed. _________________  ____________________ 2To the extent that the Fee Appeals attempt to raise claims related to costs, e.g., Appeal No. 94-1156, which purports to be ____ an appeal from two orders anent costs (No. 478 and No. 510-A), as well as from the global award of fees, we will, when we release our opinion covering those cases, dismiss without prejudice the portions of the appeals relating to the cost orders. 3